# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| JIMMY LEE WATKINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 5:17-cv-1802-MHH-SGC |
| COMMISSIONER JEFFERSON S. DUNN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On May 21, 2019, the magistrate judge filed a report in which she recommended that the Court dismiss Mr. Watkins's action without prejudice for failure to state a claim upon which relief can be granted. (Doc. 32). The magistrate judge advised the parties their right to file written objections within 14 days. That time has passed, and the Court has not received objections from the parties.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Having reviewed and considered the relevant materials in the court file, the Court adopts the magistrate judge's statement of the standard for dismissal under 28 U.S.C. § 1915A. (Doc. 32, pp. 2-3). The Court adopts the magistrate judge's description of the procedural history of this case and her description of the factual allegations in the amended complaint. (Doc. 32, pp. 3-7).

The Court adopts the analysis in the report concerning Captain Robinson. (Doc. 32, p. 8). The Court will dismiss the claims against him. The Court regards Mr. Watkins's allegations concerning the defendants' purported failure to investigate his reports of sexual harassment as allegations supporting his Eighth Amendment deliberate indifference claim.[1] The Court adopts the analysis in the report regarding Mr. Watkins's deliberate indifference claim. (Doc. 32, pp. 10-14). The Court adopts the analysis in the report concerning supervisory liability. (Doc. 32, p. 14).

In accordance with 28 U.S.C. § 1915A, the Court will dismiss this action because Mr. Watkins has not adequately alleged a constitutional violation to support his §1983 claims against the defendants. Therefore, he has not stated a claim upon which relief can be granted.

---

[1] In her report, the magistrate judge treated Mr. Watkins's allegations concerning the defendants' purported failure to investigate as a separate claim. (Doc. 32, pp. 8-10). Because the Court regards the allegations concerning the defendants' purported failure to investigate as part of Mr. Watkins's deliberate indifference claim, the Court does not adopt the analysis under heading IV(B) of the report.

**DONE** this 27th day of June.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE